UNITED STATES of America,
Plaintiff–Appellee,

v.

Charles LLEWLYN, a.k.a. Charles Llewylin, Defendant–Appellant.

No. 05–11804
Non–Argument Calendar.
D.C. Docket No. 00–06022–CR–DMM.

United States Court of Appeals,
Eleventh Circuit.

Oct. 21, 2005.

Charles Montgomery Llewlyn, Jesup, GA, for Appellant.

Carol E. Herman, Anne R. Schultz, Jeanne Marie Mullenhoff, U.S. Attorney's Office, Miami, FL, for Appellee.

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Charles Llewlyn ("Llewlyn"), a federal prisoner proceeding *pro se,* appeals the district court's denial of his motion to dismiss his indictment, filed pursuant to Fed. R.Crim.P. 12(b). On March 7, 2005, Llewlyn, proceeding *pro se,* filed a "Nunc Pro Tunc Motion to Dismiss Indictment Pursuant to Fed.R.Crim.P. 6(f) & 12(b), et. seq.," asserting various defects in his indictment.

In the instant case, Llewlyn is using Fed.R.Crim.P. 12(b) to attack his conviction and sentence after this court affirmed this conviction and sentence on direct appeal, and his § 2255 motion was unsuccessful. Because Llewlyn's motion was the functional equivalent of a successive motion to vacate, within the meaning of § 2244(b)(3)(A), and because he never obtained leave to file a successive motion, it was subject to dismissal for lack of jurisdiction. *Felker v. Turpin,* 101 F.3d 657, 660–61 (11th Cir.1996); *see also* 28 U.S.C. § 2244(b)(requiring the dismissal of successive petitions for which no leave is obtained). As such, we vacate the judgment of the district court and remand with instructions to dismiss for lack of jurisdiction.

VACATED AND REMANDED.